IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                          ORDER

    v.                                       99-cr-62-bbc-01

BRIAN W. COOPER,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        A hearing on the probation office's petition for judicial review of Brian W. Cooper's supervised release was held on September 13, 2011, before U.S. District Judge Barbara B. Crabb. The government appeared by Asst. U.S. Attorney Jeffrey M. Anderson. Defendant was present in person and by counsel, Supervisory Associate Federal Defender Michael W. Lieberman. Also present was Senior U.S. Probation Officer Helen Healy Raatz.

        From the record I make the following findings of fact.

FACTS

        Defendant was sentenced in the Western District of Wisconsin on January 13, 2000, following his conviction for possession with intent to distribute cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). This offense is a Class A felony.

Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 132 months, with an eight-year term of supervised release to follow. On February 22, 2008, following a change in the sentencing guidelines, defendant's sentence was reduced to time served with all other provisions of the judgment to remain in effect.

On March 13, 2008, defendant began his term of supervised release in the Eastern District of Wisconsin.

Defendant violated Standard Condition No. 3, prohibiting him from using illegal drugs and requiring him to participate in substance abuse testing, as evidenced by urine specimens he submitted on December 10, 2010, and June 15 and July 11, 2011, which tested positive for marijuana. Defendant violated this condition again on May 12, July 12, and July 19, 2011, when he failed to report for random drug testing.

Defendant's conduct falls into the category of a Grade C violation under USSG 7B1.1(a)(3). Upon the finding of a Grade C violation, and pursuant to USSG 7B1.3(a)(2), the court has the discretion to revoke supervised release, extend the term of supervision or modify the conditions of supervision.

## CONCLUSIONS

Defendant's violations would warrant revocation, but he has maintained regular employment and he has not submitted a positive urine specimen in more than two months.

Defendant's criminal history category is IV. With a Grade C violation and a criminal history category of IV, defendant has an advisory guideline term of imprisonment of 6 to 12 months. Under 18 U.S.C. § 3583(e), the statutory maximum to which defendant can be sentenced upon revocation is 60 months. 18 U.S.C. § 3583(h) authorizes another term of supervised release to follow imprisonment if defendant is not sentenced to the statutory maximum sentence.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines and taking into consideration defendant's employment and his educational efforts, I am persuaded that defendant should be continued on supervised release without revocation. This will allow defendant an opportunity to maintain his employment and to fully comply with the conditions of his supervised release.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on January 13, 2000, and ordered to remain in effect on February 22, 2008, is continued.

Entered this 15th day of September, 2011.

BY THE COURT:

/s/
Barbara B. Crabb
District Judge

3